UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| QUANISHA WRIGHT<br><br>Plaintiff,<br>-against-<br><br>PJC 170 JOHN COMMERCIAL, LLC AND OLD MATES PUB 170 JOHN NY LLC<br><br>Defendants. | **CV**<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

--------------------------------------------------------------x

**COMPLAINT**

Plaintiff Quanisha Wright (hereinafter referred to as "Plaintiff"), by and through her counsel, The Parker Law Group P.C., for her Complaint in this action against Defendants PJC 170 John Commercial, LLC and Old Mates Pub 170 John NY LLC (together referred to as "Defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease,

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents based on the conduct alleged herein.

2. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities—all in the hope that they would never be caught. In so doing, Defendants made a calculated but unlawful decision that customers with disabilities are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong by compensating Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

## PARTIES

5. Defendant PJC 170 John Commercial, LLC owns the commercial condominium unit property located at 170 John Street in New York County, New York (hereinafter referred to as "170 John Street").

6. At all relevant times, Defendant Old Mates Pub 170 John NY LLC leases the commercial condominium unit property located at 170 John Street from Defendant PJC 170 John Commercial, LLC.

7. At all relevant times, Defendant Old Mates Pub 170 John NY LLC has operated and continues to operate a restaurant at 170 John Street doing business as Old Mates Pub (hereinafter referred to as the "Old Mates Pub" premises).

8. Each Defendant is licensed to and does business in New York State.

9. Upon information and belief, PJC 170 John Commercial, LLC and Old Mates Pub 170 John NY LLC have a written lease agreement.

10. At all times relevant to this action, Plaintiff Quanisha Wright has been and remains a resident of Brooklyn, New York.

11. At all times relevant to this action, Plaintiff Quanisha Wright has been and remains a wheelchair user. Plaintiff has medical conditions that limit her ability to walk and restrict her range of motion.

12. At all times relevant to this action, Plaintiff Quanisha Wright works on John Street in Lower Manhattan, the same street on which Old Mates Pub is located.

13. Plaintiff is in the office approximately three days a week.

14. Plaintiff's workplace is near Old Mates Pub.

15. Plaintiff has passed by and viewed Old Mates Pub many times.

16. Plaintiff believes that Old Mates Pub is architecturally striking from the outside and looks like a pub from the late 1800s.

17. Plaintiff desires to observe the historic interior of Old Mates Pub and would like the opportunity to dine in such a historic setting.

18. Plaintiff has also observed the steps leading up to the interior entrance as well as the raised platform for outdoor dining.

19. Old Mates Pub is a very popular lunch spot and equally popular for drinks after work.

20. Plaintiff has seen and heard great reviews of Old Mates Pub, including reviews stating that it has great burgers with an Australian twist.

21. During the summer of 2026, Plaintiff and her coworkers decided to have lunch at Old Mates Pub.

22. Because Plaintiff uses a wheelchair for mobility, she called Old Mates Pub and asked how she could enter the premises in her wheelchair.

23. An Old Mates Pub employee informed Plaintiff that the restaurant does not provide a wheelchair-accessible entrance. The employee also stated that the restaurant has a wheelchair-accessible restroom, even though a person using a wheelchair cannot enter the pub.

24. Plaintiff therefore did not have lunch at Old Mates Pub and is deterred from trying to enter because of the exterior architectural barriers and the knowledge that Old Mates Pub provides no means of wheelchair-accessible vertical access.

25. Plaintiff continues to work on John Street in Manhattan, and she continues to desire to dine at Old Mates Pub.

26. Plaintiff plans to have lunch at Old Mates Pub within one month after Old Mates Pub provides wheelchair-accessible vertical access.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

27. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Old Mates Pub premises located at 170 John Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

28. Old Mates Pub is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

29. Numerous architectural barriers exist at the Old Mates Pub premises that prevent and/or restrict access to Plaintiff, a person with a disability, including, but not limited to, architectural barriers at the paths of travel.

30. Upon information and belief, in or around 2013, Defendants spent approximately $227,000 on alterations to the Old Mates Pub premises and areas of 170 John Street related to the Old Mates Pub premises.

31. Upon information and belief, in or around 2023, Defendants expended money to create a wheelchair accessible bathroom but failed to spend any money toward providing a wheelchair accessible entrance.

32. The services, features, elements and spaces of the Old Mates Pub premises are not readily accessible to, or usable by Plaintiff as required by the Americans with

Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

33. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff has been unable to enjoy safe, equal, and complete access to all of the areas of the Old Mates Pub premises that are open and available to the public.

34. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

35. An entrance with steps is no different than a sign informing people with disabilities to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to people with disabilities).

36. Barriers to access that Plaintiff experienced or encountered, that deter Plaintiff from patronizing Old Mates Pub, or that otherwise exist include, but are not limited to, the following:

I. Defendants do not provide an accessible public entrance. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II. Defendants fail to ensure that at least 50% and/or 60% of all its public entrances are accessible. See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

III. Defendants fail to ensure that each and every public entrance is accessible. See BCCNY § 1105.1.

IV. The primary entrance to Defendants' public accommodation is not accessible. See Administrative Code §§ 27-292.5(a) and 27-357(d).

V. Defendants fail to provide an accessible route to the primary entrance from the sidewalk and/or street. See Administrative Code § 27-292.5(b).

VI. Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby denying Plaintiff an accessible entrance and exit along the general circulation path. See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

VII. At the inaccessible public entrance, Defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance. See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VIII. Defendants have an inaccessible public entrance and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance. See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

IX. Defendants fail to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes. See 1991 Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

Outdoor Dining

X. Defendants fail to ensure that at least one, and not less than 5 percent, of the seating and standing spaces and dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XI. Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XII. Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XIII. Defendants fail to provide a space for dining where Plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route. See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XIV. Defendants fail to provide a space for dining where Plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes. See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XV. Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating. BCCNY § 11010.1(9).

XVI. Defendants fail to provide dining tables and/or surfaces that are at an accessible height. See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XVII. Defendants fail to provide dining tables and/or surfaces that have the minimum required knee clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVIII. Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

37. The remediation necessary to provide an ADA-compliant, wheelchair-accessible entrance is known, architecturally possible, and financially achievable for Defendants. Remediation includes installation of an elevator at the sidewalk level, permanent exterior wheelchair accessible ramp; installation of an inclined platform lift; or installation of a permanent interior wheelchair accessible ramp.

38. Just a few blocks away at 215 Pearl Street is a potential solution that has been effectuated by a building with a flight of entrance steps. Specifically, the building

at 215 Pearl Street installed an "ADA Elevator" to transport a person in a wheelchair from the sidewalk into the building. Below is a picture of this "ADA Elevator":




39. In the alternative, Defendants could install a platform lift to transport a person in a wheelchair from the sidewalk level to the restaurant level.

40. Indeed, New York City Landmarks Preservation Commission ("LPC") encourages barrier-free access and has approved landmark buildings' installation of platform lifts to provide wheelchair accessible access.

41. In November 2024, LPC published a fact sheet on how to provide "Barrier-Free Access In Historic Buildings." See https://www.nyc.gov/assets/lpc/downloads/pdf/pubs/LPC%20Barrier-Free%20Access%20Fact%20Sheet.pdf

42. LPC states that "Providing barrier-free access to landmark buildings ensures all New Yorkers and visitors can utilize the city's historic resources. LPC can provide guidance on how to achieve accessibility at historic properties through careful planning and sensitive design. The Commission has a long history of approving proposals for work that accommodates barrier-free access at landmark properties, including ramps, lifts,…" *Id.*

43. On page 5 of its fact sheet, LPC provides photographs of platform lifts that could be utilized to provide access at Old Mates Pub.

44. Figure 5 on page 5 shows an inclined platform lift installed at the Puck Building:



*Figure 5. Mechanical lift finished to match the surrounding materials and recede from view*

45. And Figure 6 shows a vertical platform lift at 170 Hudson Street in Tribeca:



*Figure 6. Platform lift with clear glass finished to match the adjacent building finishes*

46. Defendants could provide wheelchair-accessible vertical access to their restaurant via the installation of a platform lift similar to the above platform lifts that have been approved and recommended by LPC.

47. To allow the use of a platform lift on the public sidewalk, New York City has a special process whereby the New York City Department of Transportation ("DOT") grants permission for the installation of a platform lift. 34 Rules of the City of N.Y. § 7–04(a)(1).

48. Platform lifts are permitted to extend up to 66 inches from the base of the steps at Old Mates Pub. See 34 Rules of the City of N.Y. § 7–04(a)(1), which states:

> (1) Accessibility Lift to Provide Access for People with Disabilities
>
> (i) Standard.
>
> The lift shall be stored at the building end of its run and shall include appropriate safety devices. The lift shall not extend more than five and one half feet in the direction of the curb from the base of the steps when in use. In no instance shall the lift or any portion thereof extend beyond the curbline when in use.

49. Upon information and belief, a full inspection of the Old Mates Pub premises will reveal the existence of other barriers to access.

50. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Old Mates Pub premises to catalogue and cure all the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

51. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

52. Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

53. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Old Mates Pub premises continue to exist and deter Plaintiff.

54. Plaintiff intends to patronize the Old Mates Pub premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, as applicable, and the Administrative Code.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

55. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56. Plaintiff is substantially limited in the major life activities of walking and range of motion and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

57. The "General Rule" of the ADA is that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

58. Defendants violate the ADA at 42 U.S.C. § 12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of their public accommodation.

59. The ADA at 42 U.S.C. § 12182(b)(1)(A)(i) states that: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

60. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(A)(i) by denying Plaintiff, because of her disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

61. The ADA at 42 U.S.C. § 12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

62. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(B) by failing to afford Plaintiff their services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

63. Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

64. The ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges,

advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

65. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would result in the disabled Plaintiff being able to enjoy their services, facilities, privileges, advantages, or accommodations.

66. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. § 36.201(b).

67. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

68. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

69. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither may escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. § 36.201(b).

70. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendants' policies

and practices have subjected and continue to subject Plaintiff to disparate treatment and disparate impact.

71. By failing to comply with the law in effect for decades, Defendants have communicated to people with disabilities, including Plaintiff, that they are unwelcome and not desired as patrons of their public accommodation.

72. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(a)(1) and 42 U.S.C. § 12183(a)(1).

73. The Old Mates Pub premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

74. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. § 12183(a)(2).

75. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

76. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in

violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

78. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

79. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.101 *et seq.*

80. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

81. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

82. Plaintiff has various medical conditions that separately and together limit Plaintiff's normal bodily functions, particularly the major life activities of walking and range of motion. Plaintiff therefore has a disability within the meaning of the Executive Law § 292(21).

83. In 2019, the New York State Legislature enacted legislation providing, effective immediately, that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

84. By amending Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

85. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

86. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

87. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

88. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required by NYSHRL (Executive Law § 296(2)(c)(iv)).

89. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

90. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

91. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

92. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

93. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

94. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems—particularly the major life activities of walking and range of motion—and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

95. Defendants have subjected and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants has aided and abetted others in committing disability discrimination.

96. Defendants have committed and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

97. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

98. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

99. Defendants' policies and procedures, including their refusal to expend funds to design, create, or maintain an accessible commercial facility or space, are discriminatory practices in violation of NYCHRL (Administrative Code § 8-107(4)).

100. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have aided and abetted, and continue to aid and abet, each other in directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

101. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, PJC 170 John Commercial, LLC continuously controlled, managed, and operated the public sidewalk abutting 170 John Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

102. PJC 170 John Commercial, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in violation of the Administrative Code.

103. Defendants' conduct also violates the NYCHRL, Administrative Code § 8-107(17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

104. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

105. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

106. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

107. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated,

egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

108. Defendants engaged in discrimination with willful or wanton negligence, recklessness, or conscious disregard of the rights of others for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

109. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and retaining the funds that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

110. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

111. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

112. Defendants discriminated against Plaintiff in violation of the New York State Civil Rights Law.

113. Consequently, Defendants denied Plaintiff the full and equal accommodations, advantages, facilities, and privileges of a place of public accommodation because of disability, in violation of N.Y. Civ. Rights Law § 40.

114. Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

115. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

116. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

117. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the

2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C. Issue a permanent injunction ordering Defendants to modify their policies, practices, procedures and/or conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations offered by the Defendants;

D. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not recur;

E. Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

F. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

G. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL and the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 30, 2026
New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:______________________

Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com